

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2007

# USA v. Aperecida-Bravim

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4430

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Aperecida-Bravim" (2007). *2007 Decisions.* Paper 32.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/32

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4430

———

UNITED STATES OF AMERICA,
                                        Appellee

v.

MARIA APERECIDA BRAVIM,
                                        Appellant

———

Appeal from the
United States District Court for the
District of New Jersey
(D.C. No. 01-cr-00527)
District Judge: Honorable Dennis M. Cavanaugh

———

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2007

———

Before: SLOVITER, AMBRO, Circuit Judges, and RESTANI[*], Judge

(Filed: December 19, 2007)

———

OPINION

———

RESTANI, Judge.

---

[*]Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

In this appeal, Defendant Maria Aperecida Bravim challenges her sentence upon conviction of a crime. Defendant pled guilty to bribing an immigration official in violation of 18 U.S.C. § 201(b)(1) and was sentenced to a two-year term of imprisonment. We will affirm the judgment of the District Court.

After her arrest, defendant initially cooperated with authorities in their endeavors to apprehend others in connection with the bribery scheme. The government agreed that if she fulfilled her obligations under her Cooperation Agreement, including refraining from violations of law, it would request a downward departure from the United States Sentencing Guidelines calculation that would otherwise apply. Defendant, however, breached her pre-trial release order and absconded to Brazil. She was apprehended after remaining a fugitive for more than three years. Defendant was then indicted for contempt and other crimes related to witness retaliation. The government declined to recommend downward departure.

The District Court accepted the recommendation of the presentence report for application of an obstruction of justice enhancement. Over the government's objection, the Court allowed the full three-point downward adjustment for acceptance of responsibility, resulting in a Guidelines range of twenty-four to thirty months. It is unclear if the defendant actually challenges the obstruction of justice enhancement, but under these facts, the District Court judge did not abuse his discretion in imposing it. The acceptance of responsibility adjustment enured to defendant's benefit. Therefore, there is no ground for disagreement with the Guidelines calculation, as such. Further, under these

2

facts, the government was not required to request a downward departure.

The remainder of defendant's argument is essentially that the sentence was unreasonable, either because the District Court did not depart downward or because it did not apply the 18 U.S.C. § 3553(a) factors properly. Defendant, however, is hard-pressed to argue that the statutory factors were not considered. They were argued and the Court clearly indicated it was aware of and considered all of them. There is nothing indicating that this sentence at the low end of a very leniently calculated Guidelines range was not reasonable.

The judgment of the District Court will be affirmed.

---